SUMMARY ORDER
Plaintiff-Appellant Shili Liu appeals from the judgment of- the United States District Court for the District of Connecticut (Nevas, J.) dismissing on summary judgment his lawsuit, brought pursuant to 42 U.S.C. § 1983, against Philip E. Austin, President of the University of Connecticut, and Peter McFadden, Interim Director of the University of Connecticut Environmental Research Institute for violation of Liu’s constitutional right to due process of law. The District Court concluded that Liu lacked a property right in continuing employment and that, even if he did possess such a right, the process through which he was terminated was constitutionally adequate. We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
“In order to prevail on a due process claim, a claimant must [1] identify a constitutionally protected property ... interest and [2] demonstrate that the government has deprived that party of the interest without due process of law.” Weinstein v. Albright, 261 F.3d 127, 134 (2d Cir.2001). Constitutionally protected property interests “are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....” Bd. of Regents of State Colls, v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A collective bargaining agreement may give rise to a property interest in continued employment. See Ciambriello v. County of Nassau, 292 F.3d 307, 314 (2d Cir.2002).
For substantially the reasons stated by the District Court, however, we agree that Liu did not possess a property right in continued employment. According to the arbitrator’s interpretation of the Collective Bargaining Agreement (“CBA”), to which we owe substantial deference, under the terms of the CBA Liu waived his right to a contract that would have permitted his dismissal only “for cause.” Liu cannot claim he can only be dismissed “for cause” under the contract he signed, which specifically set forth the date on which his appointment would expire, or under any other provision of the CBA. Therefore, while Liu may have expected that his appointment would be renewed, he had no constitutionally protected property interest in his continued employment at UCERI. Liu’s due process claim consequently fails. Having so concluded, we need not — and do not — reach the question of the adequacy of process in which Liu participated.
We have considered all of Liu’s arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.